1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TORUS SMITH,                               No.  2:15-cv-1235 MCE GGH P

12                  Petitioner,

13         v.                                    FINDINGS AND RECOMMENDATIONS

14   ERIC ARNOLD,

15                  Respondent.

16

17   INTRODUCTION

18         Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's September 15, 2015,

20   motion to dismiss on the grounds that this action is barred by the statute of limitations.  Petitioner

21   has filed an opposition based on equitable tolling, to which respondent has filed a reply.  After

22   carefully reviewing the filings, the court now issues the following findings and recommendations.

23   DISCUSSION

24         The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. §

25   2244(d)(1):

26                  A 1-year period of limitation shall apply to an application
                    for a writ of habeas corpus by a person in custody pursuant to the
27                  judgment of a State court.  The limitation period shall run from the
                    latest of–

28

                                              1

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On June 8, 2010, petitioner was convicted in a prison disciplinary proceeding of being an accessory to battery with serious bodily injury, a Division A offense. (State supreme court pet'n; ECF No. 1 at 19.) He was assessed a 15 month term in Security Housing Unit and 360 days loss of credit. (Id.) After an administrative appeal which was partially granted on April 26, 2011, through a Director's Level Appeal Decision, (ECF No. 1 at 124-25), the conviction was modified to a Division F offense, conduct which could lead to violence, and the SHU term was eliminated. The credit loss was ordered reduced to 0-30 days. (Id. at 19-20, 125.) This decision ordered CSP-Solano to direct the CDO to amend the findings of the RVR. (Id. at 125.) The parties' versions of the facts diverge on the following point. Petitioner claims that he intended to appeal that Third Level Review decision as soon as he received an order entering this final disposition, but never received such order and it was never entered into department records. (Id. at 20.) Respondent contends that the modification order was completed by July 1, 2011, but interestingly notes the date of the modification order is June 31, 2011 and there are only 30 days in June. (Respondent's Mot. at 2; ECF No. 11-3 at 15.)

Petitioner filed a habeas petition with the Solano County Superior Court on April 27, 2012, alleging: (1) violation of due process for the finding of a new (albeit reduced) charge without a hearing, (2) that the new charge, conduct that could lead to force and violence, was not a Division F offense, and (3) due process violation for denial of his request for witnesses. (ECF No. 1 at 20, 127-28.) It was denied for failure to exhaust administrative remedies on June 15,

1  2012.  (Id. at 127-28.)  Petitioner next filed a writ of mandate with the California Court of

2  Appeals for the First Appellate District to require the superior court to address the merits of his

3  petition on October 16, 2012, which was denied on October 24, 2012.  (ECF No. 11-4 at 7-14;

4  ECF No. 1 at 131.)  Petitioner then filed a second petition with the superior court on March 14,

5  2013; it was denied on May 9, 2013 for failure to exhaust administrative remedies.  (Id. at 133-

6  34.)  Petitioner then filed a habeas petition with the court of appeal on June 18, 2013, which was

7  denied without comment or citation on July 23, 2013.  (ECF No. 11-8 at 8-24; ECF No. 1 at 137.)

8  A petition filed with the California Supreme Court on March 24, 2014 was denied with a citation

9  to In re Dexter (1979) 25 Cal.3d 921, 925, on May 21, 2014.  (ECF No. 11-10 at 4-13; 11-11 at

10  2.)  A second petition was filed with the California Supreme Court on January 21, 2015; it was

11  denied on April 1, 2015, with a citation to In re Miller (1941) 17 Cal.2d 734, 735.  (ECF No. 11-

12  12 at 77.)  The instant petition was filed on June 10, 2015.

13  Petitioner states that on January 23, 2014, while preparing for his next parole hearing, a

14  staff attorney produced an amended RVR reflecting the guilty finding of the division F offense.[1]

15  ECF No. 1 at 20-21.  Petitioner then filed a 602 challenging the reappearance of the RVR. At the

16  First Level of Review, petitioner was informed that he had exhausted his administrative remedies

17  on this issue.  ECF No. 1 at 50.

18  Petitioner's conviction became final for AEDPA purposes on April 26, 2011, the date of

19  the Director's Level Decisions modifying his disciplinary conviction.  See Shelby v. Bartlett, 391

20  F.3d 1061, 1066 (9th Cir. 2004) (holding that limitations period begins to run the day after the

21  factual predicate of basis of claim could have been discovered which in this case was petitioner's

22  undisputed receipt of the notice of the denial of the administrative appeal).  Petitioner's argument

23  that he was awaiting service of the effectuation order which was issued on or about July 1, 2011,[2]

24  is of no consequence, as that order merely served to carry out the Third Level decision order.  Id.

25  Petitioner had one year, that is, until April 27, 2012, to file a timely federal petition, absent

26  _____

27  [1]  The petition states that the original conviction was a division A offense and the reduced
conviction was a division C offense.  ECF No. 1 at 19.

28  [2]  As the date of the modification order is June 31, 2011, and there are only thirty days in June,
the court will use July 1, 2011 as the operative date.

1    applicable tolling.  The instant action, filed June 10, 2015,[3] is not timely unless petitioner is

2    entitled to statutory or equitable tolling.

3                             Statutory Tolling

4            Petitioner argues that he is entitled to statutory tolling per 28 U.S.C. § 2244(d)(2).  Under

5    AEDPA, the period of limitation is tolled while a "properly filed" application for state post-

6    conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  The United States

7    Supreme Court has explained that in order for a state habeas petition to be "properly filed" for

8    purposes of statutory tolling, the petition's delivery and acceptance must be in compliance with

9    the laws and rules governing such filings.  Pace v. DiGuglielmo, 544 U.S. 408, 413–14, 125 S.

10   Ct. 1807 (2005).  "[T]ime limits, no matter their form, are 'filing' conditions."  Id. at 417, 125

11   S.Ct. at 1814.  "When a post-conviction petition is untimely under state law, that is the end of the

12   matter for purposes of § 2244(d)(2)."  Id. at 414, 125 S. Ct. at 1812.

13           Petitioner filed his first state habeas petition on April 27, 2012, the day the statute of

14   limitations started expired.  Therefore, this petition was properly filed.  The fact that the superior

15   court determined it was not exhausted does not render it improperly filed.  See Artuz v. Bennett,

16   531 U.S. 4, 8 (2000) (contemplating all requirements for a petition to be properly filed, but not

17   listing exhaustion); Flores-Gonzales v. Long, 2013 WL 1164400 *4 n. 5 (C.D. Cal. Mar. 20,

18   2013) (noting that Pace concerned the effect of an untimeliness finding on statutory tolling, and

19   the construction of the term "properly filed" in section 2244(d)(2), but did not profess to resolve

20   any exhaustion issue).  At this point, the statute expired, and the statutory tolling analysis ends

21   here.

22           Assuming for the sake of argument, however, that the timely first state habeas petition

23   served to toll the statute before it finally expired, petitioner would be eligible for statutory tolling

24   from April 27, 2012 until June 15, 2012, when it was denied, or 50 days.

25   ─────────────────────
     [3]  The court affords petitioner application of the mailbox rule as to all his habeas filings in state
26   court and in this federal court.  Houston v. Lack, 487 U.S. 266, 275-76, 108 S.Ct. 2379, 101
     L.Ed.2d 245 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison
27   authorities); Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule applies to
     pro se prisoner who delivers habeas petition to prison officials for the court within limitations
28   period).

                                            4

The petition for writ of mandate, filed October 16, 2012, does not toll the statute.  Courts addressing this issue have considered whether the writ of mandate seeks to collaterally attack the conviction.  If the writ seeks other kinds of relief, such as transcripts or records, or seeks to compel discovery, it does not warrant statutory tolling because it is not a procedural step in moving up the ladder of collateral relief.  Mitchell v. Janda, 2014 WL 502629, *6 (C.D. Cal. 2014).  Respondent cites Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360 (2003), which found that a writ of mandamus requesting that the trial court be ordered to rule on the habeas application, was not an application for collateral review. See also Thomas v. Salazar, 559 F.Supp.2d 1063, 1067-68 (C.D. Cal. May 29, 2008) (finding petition for mandamus relief did not toll limitations period where it sought an order requiring the superior court to rule on his previously filed habeas petition).  Here, petitioner's writ of mandate was filed for this same purpose.  Likewise, it does not statutorily toll the limitations period because it does not constitute an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...."  28 U.S.C. § 2244(d)(2).

Assuming out of an abundance of caution that petitioner still had one day left before the statute finally expired, he is not entitled to statutory tolling for any unreasonable delays during the intervals between the lower courts' decisions and the filing of his subsequent petitions to the appropriate higher courts.  Evans v. Chavis, 546 U.S. 189, 201, 129 S. Ct. 846 (2006).  See also Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir.2010) (115 day delay between habeas filings not entitled to gap tolling because it was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and Chaffer's petitions offered no justification for the delays as required under California law"); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir.2011) (unexplained delays of 81 days and 91 days between filings were unreasonable where both petitions were nearly identical); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140–41 (C.D. Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis); Osumi v. Giurbino, 445 F.Supp.2d 1152, 1158–59 (C.D. Cal. 2006) (finding that 96 and 98 day delays were not unreasonable "given the lengthy briefs

5

1   petitioner filed in the California appellate courts and petitioner's substantial rewriting of his

2   habeas corpus petition following the denial of that petition by the Los Angeles Superior Court.").[4]

3        The second petition filed with the superior court on March 14, 2013, was filed

4   approximately nine months after petitioner's first superior court habeas petition was denied.  The

5   court need not determine whether this petition was successive, as respondent suggests, because

6   gap tolling would not apply to this unreasonable delay, and the statute expired before this petition

7   was filed.  Petitioner submits no explanation for his 272 day delay in filing another habeas

8   petition, albeit with the same court.  Under no authority is this number of days reasonable.

9   Therefore petitioner is not afforded gap tolling between the time his superior court habeas petition

10  was denied on June 15, 2012 and the filing of his next habeas petition on March 14, 2013.  The

11  statute of limitations expired, at most, one day after June 15, 2012, when his first superior court

12  petition was denied.  The statute of limitations had expired before petitioner filed his writ of

13  mandate with the court of appeal on October 16, 2012.  A state court habeas petition filed beyond

14  the expiration of AEDPA's statute of limitations does not toll or revive the limitations period

15  under section 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez

16  v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Therefore, it is unnecessary to determine whether

17  petitioner's second petition filed with the superior court was properly filed or successive.

18       <u>Equitable Tolling</u>

19       A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of

20  limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some

21  extraordinary circumstances stood in his way and prevented timely filing.  See Holland v. Florida,

22  560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir.

23  2009).  The diligence required for equitable tolling purposes is "reasonable diligence," not

24  "maximum feasible diligence."  See Holland v. Florida, 560 U.S. at 653, 130 S.Ct. at 2565.  See

25  also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

26

27  [4]  The undersigned reserves any justification analysis based on equitable principles to the section
    on equitable tolling.  There is no sense in doing that equitable analysis twice—once in the
28  statutory tolling context, and again for the equitable tolling analysis.

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. <u>See</u> <u>Bills v. Clark</u>, 628 F.3d at 1097, <u>citing</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). This is a very high threshold, "lest the exceptions swallow the rule." <u>See</u> <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" <u>Lott v. Mueller</u>, 304 F.3d 918, 922 (9th Cir. 2002), <u>quoting</u> <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999).

In his opposition to the motion to dismiss, petitioner contends that equitable tolling should apply for two reasons. First, he claims he did not receive the modified RVR, (which department records indicate did not exist), issued after the appeal was partially granted at the Director's Level, until January 23, 2014, and that is when the statutory clock should have started ticking.

<u>Shelby</u> 391 F.3d at 1066, requires rejection of petitioner's first argument that he did not receive the modified RVR until 2014, as petitioner received actual notice of the Director's Level Decision on April 26, 2011, which started the statute of limitations clock, a fact which is not disputed. Petitioner took no action to exhaust his state court remedies until April 27, 2012, the date the statute of limitations expired. The fact that he finally received official notice of the modified effectuation decision two years later is a red herring and of no consequence to the decision. Again, the date of the order putting into effect the Director's April 26 decision is not the pertinent order for limitations purposes. The Third Level decision was final when issued, and did not depend on the effectuated date for any follow-up remedy. Petitioner does not explain why he could not begin the collateral review process after he received the April 26, 2011 decision.

Second, petitioner claims the conflicting rulings on the exhaustion issue entitle him to equitable tolling. Specifically, he asserts that at the First Level of review, the CDCR informed him: "[y]ou have exhausted your administrative remedies on this issue." (ECF No. 1 at 50.) This letter from the Appeals Coordinator, dated March 4, 2014, informed petitioner that "enclosed documents" were being returned to him because he received a third level of review response on

1   April 26, 2011, "which indicated what was ordered.  You have exhausted your administrative

2   remedies on this issue."  Underneath the Appeals Coordinator's signature, the letter states,

3   "[r]equest second level review."  Petitioner signed this letter after writing the statement,

4   "[a]ppellant respectfully disagrees with Appeals Coordinator Clark and agrees with Judge Kays

5   of Solano County Superior Court that his administrative remedies are not exhausted."  Id.

6   Petitioner claims he then filed a habeas petition with the California Supreme Court on March 24,

7   2014, which statutorily tolled the running of the limitations period, and that it was denied on May

8   21, 2014, for failure to exhaust administrative remedies.  Petitioner states he deferred to that

9   ruling and attempted to exhaust his administrative remedies, but that TLR (third level review)

10  denied review on December 15, 2014.  Petitioner thereafter filed another habeas petition with the

11  California Supreme Court on January 21, 2015.  (ECF No. 12 at 1-2.)  Based on these conflicting

12  rulings, petitioner claims he is entitled to equitable tolling.

13      It appears that the superior court's first ruling denying petitioner's habeas petition for

14  failure to exhaust on June 15, 2012, may have confused him in light of the Director's Level

15  decision granting in part his appeal and modifying its decision, which was a final decision that

16  was exhausted.  See Cal. Code Regs. Tit. 15 §§ 3084.5 (administrative procedures generally are

17  exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with

18  respect to his issues or claims).  Because the Director's Level decision was a final decision, it was

19  not subject to exhaustion of administrative remedies.  Therefore, the superior court's decision

20  informing petitioner that he had produced no evidence of exhaustion of administrative remedies

21  was in error.

22      Equitable tolling has been permitted where a petitioner relies on Ninth Circuit precedent

23  which is later overruled by the Supreme Court, and diligently pursues his rights in state court.

24  Townsend v. Knowles, 562 F.3d 1200, 1205-06 (9th Cir. 2009), *overruled on other grounds*,

25  Walker v. Martin, 562 U.S. 307, 131 S.Ct. 1120 (2011).  See also Nedds v. Calderon, 678 F.3d

26  777, 781 (9th Cir. 2012) (equitable tolling where petitioner decides when to file his federal

27  petition by relying on Ninth Circuit precedent that is later overturned by Supreme Court).  The

28  Ninth Circuit has also allowed equitable tolling where the district court dismissed a mixed

1   petition without giving petitioner the chance to withdraw the unexhausted claim and/or request a

2   stay and abeyance of the petition while he exhausted that claim, and the statute of limitations

3   expired after the district court dismissed it.  Smith v. Ratelle, 323 F.3d 813, 819 (9th Cir. 2003).

4   See also United States v. Buckles, 647 F.3d 883, 891 (9th Cir. 2011) (equitable tolling permitted

5   where movant's sister was erroneously advised by court personnel how to calculate deadline to

6   file § 2255 motion, and movant relied on that advice).  The Ninth Circuit has declined to permit

7   equitable tolling, however, in a similar situation where even though the district court had failed to

8   explain the stay and abeyance procedure or inform him that the statute of limitations would apply

9   to subsequent petitions, it did not affirmatively mislead petitioner but rather provided accurate

10  instructions before dismissing the mixed petitions without prejudice.  Ford v. Pliler, 590 F.3d

11  782, 789 (9th Cir. 2009).

12          The undersigned is unaware of any precedent concerning the erroneous decision by a state

13  court upon which a petitioner relies to attempt to exhaust administrative remedies which are

14  already exhausted.  Assuming for the sake of argument that the aforementioned cases extend to

15  this situation where petitioner has relied on an erroneous state court ruling, he would only be

16  granted the benefit of equitable tolling if he has exhibited diligent pursuit of his rights.  Petitioner

17  was not diligent in exhausting.  He initially waited one year after the Director's Level Decision

18  was issued to file his first habeas petition, which was the date the statute expired.  After the

19  benefit of fifty days of statutory tolling during the time his first state habeas petition was pending,

20  which the undersigned has generously considered out of an abundance of caution, petitioner

21  waited four months to file a petition for writ of mandate which is not an appropriate type of

22  petition to warrant tolling.  See discussion supra.  After that denial was issued, petitioner

23  thereafter waited four and a half months to file a second petition with the superior court, which

24  was also not a reasonable use of his time.  It was not until June 18, 2013, just over a year after his

25  first superior court petition was denied, (albeit just over a month after denial of his second

26  superior court petition) that petitioner proceeded to the next level of review and filed a petition

27  with the court of appeals.  By that time, the statute of limitations had been expired for well over a

28  year.  Not only was petitioner not diligent in filing his petitions for collateral review, waiting until

1  the day the statute expired to begin the process and a long period of time between petitions, but he

2  also failed to be diligent by filing unnecessary petitions which were not part of the exhaustion

3  process.  His actions do not qualify as diligent pursuit.  Furthermore, it is doubtful that the first

4  superior court denial for failure to exhaust qualified as an extraordinary circumstance as it did not

5  render it impossible for petitioner to file a petition on time.

6      Finally, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary

7  circumstance warranting equitable tolling."  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.

8  2006).

9  CONCLUSION

10     Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss,

11  filed on September 15, 2015 (ECF No. 11), be granted and this action be dismissed.

12     If petitioner files objections, he shall also address if a certificate of appealability should

13  issue and, if so, as to which issues.  A certificate of appealability may issue under 28 U.S.C. §

14  2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."

15  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate which specific issue or

16  issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

17     These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served and filed within fourteen days after service of the objections.  The parties are

23  advised that failure to file objections within the specified time may waive the right to appeal the

24  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25  Dated: March 11, 2016

26                    /s/ Gregory G. Hollows

27              UNITED STATES MAGISTRATE JUDGE

28  GGH:076/Smith1235.mtd